***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 11, affirmed August 3, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HANS COLTON WILKINSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
19CR73908; A175025

Thomas O. Branford, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine ORS 475.894(2)(b) (2019) (Count 1),[1] and felon in possession of a restricted weapon ORS 166.270(2) (Count 2). Defendant was convicted of those offenses based on evidence obtained after defendant was initially stopped based on reasonable suspicion of second-degree disorderly conduct, ORS 166.025, and probable cause that he had committed a traffic violation under ORS 814.070 by walking in the roadway. Defendant assigns error to the trial court's denial of his motion to suppress, arguing that the arresting officer unlawfully exceeded the subject-matter and durational limitations of the stop. We affirm.

We review "a trial court's ruling on a motion to suppress evidence for legal error," and "we are bound by the court's finding of fact if they are supported by constitutionally sufficient evidence in the record." *State v. Rodriguez*, 320 Or App 1, 2, 511 P3d 424 (2022).

Defendant was walking along U.S. Highway 20, near Toledo, Oregon. A police officer stopped him based on reasonable suspicion of second-degree disorderly conduct, ORS 166.025, and probable cause that defendant had violated ORS 814.070 by walking in the roadway. On appeal, defendant does not challenge either of the bases for the stop. About seven minutes into the stop, the officer explained that he wanted "to try and educate [defendant] not to walk in the middle of the road" but needed to identify defendant. Defendant repeatedly declined to identify himself, and the officer repeatedly told defendant that he must identify himself or he would be arrested. About 17 minutes after defendant was initially stopped, a back-up officer recalled defendant's name from a prior interaction, and determined that defendant had an active warrant. The officers arrested defendant and performed a consensual post-arrest search. The officers discovered methamphetamine and a weapon that was unlawful for defendant to possess, and defendant was later charged for possession of both items.

---

[1] ORS 475.894 was amended in 2021 in ways that do not bear on our analysis. *See* Or Laws 2021, ch 591, § 39.

Before trial, defendant filed a motion to suppress "all evidence obtained from defendant" on the night of his arrest, arguing that that evidence was obtained as a result of an unlawful stop and search. The trial court denied the motion to suppress, reasoning that the officer's investigatory stop of defendant was lawful because the officer had probable cause to believe that defendant had violated ORS 814.070 and reasonable suspicion that defendant had committed disorderly conduct in the second degree. In doing so, the trial court also noted that "[t]he fact that the officers told the Defendant that they just intended to 'educate him' does not detract from the existence of probable cause for the stop." Defendant was subsequently convicted of unlawful possession of methamphetamine and felon in possession of a restricted weapon.

On appeal, defendant argues that the trial court erred in denying his motion to suppress the evidence obtained after his arrest. Specifically, defendant argues that the officers violated defendant's Article I, section 9, rights, because prolonging the stop to repeatedly demand that defendant identify himself exceeded the subject-matter and durational limits of the stop.[2]

Under Article I, section 9, "all investigative activities, including investigative inquiries, conducted during a traffic stop are part of an ongoing seizure and are subject to both subject-matter and durational limitations." *State v. Arreola-Botello*, 365 Or 695, 712, 451 P3d 939 (2019).

Regarding subject-matter limitations, "an officer is limited to investigatory inquiries that are reasonably related to the purpose of the traffic stop or that have an independent constitutional justification." *Id*. Here, the officers' attempt to ascertain the identity of defendant during the traffic stop was reasonably related to the stop. *See State v. Watson*, 353 Or 768, 782, 305 P3d 94 (2013) ("[A]n officer's determination

---

[2] Although the record shows that the officer's stated basis for effectuating the stop in this case was twofold—reasonable suspicion of second-degree disorderly conduct, ORS 166.025, and probable cause that he had violated ORS 814.070 by walking in the roadway—our analysis is focused, as is the parties' briefing, on the lawfulness of the stop and subsequent investigatory activities of defendant based on probable cause that he had violated ORS 814.070.

of a person's identity generally is reasonably related to the officer's investigation of a traffic infraction."); *State v. Mock*, 310 Or App 454, 462, 485 P3d 295 (2021) ("Determining a person's identity *** [is] reasonably related to the purpose of a traffic stop, so long as those activities are not unreasonably lengthy."); *see also* ORS 810.410(3)(b) ("A police officer *** [m]ay stop and detain a person for a traffic violation for the purposes of investigation ***, *identification* and issuance of citation." (Emphasis added.)). Therefore, we conclude that the officers did not violate the subject-matter limitation imposed by Article I, section 9.

Regarding durational limitations, police authority to detain a person "dissipates when the investigation reasonably related to that traffic infraction, the *identification* of persons, and the issuance of a citation (if any) is complete or reasonably should be completed." *State v. Krieger*, 318 Or App 441, 446, 508 P3d 62 (2022) (emphasis added). Here, considering the circumstances of this case, the 17 minutes it took to identify defendant was not "unreasonably lengthy," nor could it have been reasonably completed any sooner. The officers could not reasonably have completed that identification any sooner, due to defendant's repeated refusal to identify himself; the time it took to identify defendant was attributable to defendant's own refusal to identify himself, not the officers' lack of diligence or unreasonable delay in investigating, identifying, or citing defendant. Therefore, we conclude that the officer did not violate the durational limitation imposed by Article I, section 9.

Defendant contends that, because the officer here said his purpose was to educate defendant, the officer's efforts to identify defendant were not reasonably related to the purpose of the stop. *See Arreola-Botello*, 365 Or at 712 (An officer's investigatory inquiries during a traffic stop must be "reasonably related to the *purpose* of the traffic stop." (Emphasis added.)). But that argument is unpersuasive, as we explain below.

As defendant notes, during the stop in this case, the officers indicated that they wanted to educate defendant about walking in the roadway. But defendant is incorrect that that was the "purpose" of the stop. In the context of

investigative activities pursuant to a traffic stop, the relevant sense of "purpose" is "the *purpose that permits the officer to stop an individual in the first place.*" *Id.* at 711 (emphasis added). Here, as articulated by the officer, the relevant purpose of the stop was to investigate defendant for a violation of ORS 814.070, and defendant does not challenge the lawfulness of the stop for that purpose. The officer's statements during the course of the investigatory stop that he wanted to educate defendant about walking in the roadway did not change the purpose of the stop. And, as noted above, ORS 810.410(3)(b) authorized the officer to ascertain defendant's identity as part of that investigation.

Affirmed.